983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie ARTIS, Defendant-Appellant.
 No. 92-5091.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 5, 1993
Decided: January 20, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-91-309-S)
 Mark L. Gitomer, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Robert E. Sims, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Freddie Artis appeals from the district court's orders denying his Motion to Suppress Evidence and denying his challenge to the district court's jurisdiction. Artis entered conditional pleas of guilty to harboring and concealing an escaped prisoner in violation of 18 U.S.C. § 1072 (1988), and to being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West Supp. 1992), retaining the right to challenge jurisdiction and the district court's suppression decision on appeal.* After reviewing the parties' briefs and the record, we affirm.
 
 I.
 
 2
 Artis was spotted by United States Marshal Matthew Fogg as he and co-defendant Michael Antonio Lucas, who had escaped from a state contract facility while serving a District of Columbia sentence for murder, drove Artis's van through Baltimore. The van eventually came to a stop and Artis and Lucas exited. After verifying Lucas's identity as an escaped felon, Fogg arrested Lucas with the help of other officers. A semi-automatic pistol was found in Lucas's pocket. Artis was arrested at the same time for harboring a fugitive, because the officers knew that he had previously been incarcerated with Lucas, had been on Lucas's visitation list after he (Artis) was released, and had been seen accompanying Lucas.
 
 
 3
 During the course of the arrests, Deputy United States Marshal Brogan spotted a shiny object in the back of the van. The van was searched, revealing handcuffs, another gun, and a bullet-proof vest. The van was then taken into custody out of a concern for public safety and subjected to an inventory search.
 
 
 4
 Artis moved to suppress evidence taken from the van on the basis that the officers lacked probable cause for his arrest, and that, in any event, the back area of the van from which the disputed evidence was taken was beyond the scope of a vehicle search incident to arrest under New York v. Belton, 453 U.S. 454 (1981). He also moved for dismissal of the count charging him with harboring a fugitive, arguing that the court lacked jurisdiction to prosecute him for this offense because Lucas had not been charged with escape and had not escaped from the custody of the Attorney General. The district court denied both motions. Artis then entered his conditional plea under Fed. R. Crim. P. 11, was sentenced to twenty-four months on each charge, to run concurrently, given a supervised release term of three years, and ordered to pay a special assessment of $100. This appeal followed.
 
 II.
 
 5
 Artis first challenges the district court's denial of his Motion to Suppress Evidence. We review the district court's factual findings regarding suppression for clear error, and apply a de novo standard of review to the ultimate suppression decision. United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (1990). On this record, it is clear that the officers had probable cause to arrest Artis for harboring a fugitive, and the district court properly found that the area of the van from which the bag was taken was accessible by passengers. Hence, the only remaining suppression issue is whether the scope of the vehicle search pursuant to Artis's arrest comported with Belton. We conclude that it did.
 
 
 6
 In Belton, the Supreme Court established a bright-line rule that allows police officers to search the "passenger compartment" of a vehicle and any containers found therein after a lawful custodial arrest of the occupants. Belton, 453 U.S. at 457-62. "Passenger compartment" has been broadly defined to include "all space reachable without exiting the vehicle, without regard to the likelihood in the particular case that such a reaching was possible." 3 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 7.1(c) at 16-17 (2d. ed. 1987); see United States v. Pino, 855 F.2d 357, 364 (6th Cir. 1988) (rear section of mid-sized station wagon properly searched under Belton), cert. denied, 493 U.S. 1090 (1990); United States v. Russell, 670 F.2d 323 (D.C. Cir.) (same; back of hatch-back), cert. denied, 457 U.S. 1108 (1982); United States v. Wiga, 662 F.2d 1325, 1329-32 (9th Cir. 1981) (suggesting in dicta that the entire interior of a mobile home is searchable under Belton where the entire area is accessible to occupants), cert. denied, 456 U.S. 918 (1982). Pursuant to this prevailing interpretation of Belton, the search of the bag located in the back area of the van was clearly proper. Artis's argument to the contrary must fail.
 
 
 7
 Artis's challenge to the subsequent inventory search is equally unavailing. The probable cause to search the van which arose from Artis's valid arrest continued in force throughout the later inventory search. Florida v. Meyers, 466 U.S. 380, 382 (1984); United States v. Chavis, 880 F.2d 788, 791 (4th Cir. 1989). The district court properly denied Artis's Motion to Suppress Evidence seized from the van.
 
 III.
 
 8
 Artis next challenges the district court's jurisdiction to prosecute him for harboring a fugitive under § 1072, raising the same grounds stated in his unsuccessful pretrial motion; i.e., the government failed to show that Lucas was in the custody of the Attorney General when he escaped from a state facility, and Lucas had not been convicted of escape, thus allegedly making it impossible for Artis to be guilty of harboring a fugitive. These contentions are without merit. As established at the hearing on Artis's pretrial motion, Lucas was serving a District of Columbia sentence for murder at a state institution under contract with the District of Columbia, and as such was in the "custody of the Attorney General," as required bys 1072. United States v. Eaglin, 571 F.2d 1069, 1073 (9th Cir. 1977) ("[E]scape from a state institution is an escape from the custody of the Attorney General if the prisoner has been confined there under the authority of the Attorney General"), cert. denied, 435 U.S. 906 (1978). Furthermore, it is well established that an escape conviction is not required before one can be prosecuted for harboring a fugitive unders 1072. United States v. Silva, 745 F.2d 840, 848 (4th Cir. 1984), cert. denied, 470 U.S. 1031 (1985). All that is required is a warrant for the fugitive's arrest and the defendant's knowledge of that warrant. Id. Knowledge may be established by inference. Id. Here, the record clearly established the existence of a warrant for Lucas's arrest, and given Artis's prior connections with Lucas, knowledge of the existence of that warrant was appropriately inferred. The district court did not err in denying Artis's jurisdictional challenge.
 
 
 9
 For the foregoing reasons, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 To the extent Artis seeks to raise other issues on appeal, additional issues were not preserved by the plea agreement and thus are not reviewable by this Court. Fed. R. Crim. P. 11(a)(2)